09-2980-cr
United States v. Alnutt

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> RAYMOND J. LOHIER, Jr.,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 09-2980-cr

JEFFREY E. ALNUTT,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | Lawrence Gerzog, Law Offices of Lawrence D. Gerzog, New York, New York. |
| FOR APPELLEE: | John G. Duncan and Grant C. Jaquith, Assistant United States Attorneys, of Counsel *for* Richard S. Hartunian, United States Attorney for the Northern District of New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jeffrey Alnutt, having completed a term of forty months' incarceration imposed for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), challenges the procedural reasonableness of his remaining three-year term of supervised release.  On appeal, Alnutt asserts that the district court committed procedural error in calculating his criminal history category under the Federal Sentencing Guidelines.

We assume the parties' familiarity with the factual and procedural history.  Briefly, on December 18, 2008, Alnutt pled guilty, pursuant to a written plea agreement, to count two of the indictment charging him with being a felon in possession of a firearm.  On June 17, 2009, Alnutt appeared before the district court for sentencing.  The pre-sentence report ("PSR") calculated Alnutt's criminal history to be a category IV.  In his sentencing memorandum, Alnutt did not dispute probation's calculation but urged the court to downwardly depart from the stated criminal history category of IV on the basis that Alnutt's criminal history was overstated in light of the age of his prior convictions.  Alnutt also appeared to suggest in his memorandum that the district court should not consider information in the PSR regarding unrelated, then-pending state arson charges against Alnutt and newspaper articles linking him to a bank robbery in the 1970s. The district court, after considering Alnutt's arguments, determined that a level IV criminal history category was correct and sentenced Alnutt to a Guidelines sentence of forty months' imprisonment, three years' supervised release, and a special assessment of $100.

2

We review all sentences for reasonableness. *United States v. Fernandez*, 443 F.3d 19, 26- 27 (2d Cir. 2006). Reasonableness review is akin to review for abuse of discretion, and we consider the substantive reasonableness of the sentence as well as the procedures used to arrive at the sentence. *See United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008). A sentence is procedurally reasonable as long as the District Court did not commit a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court did not abuse its discretion in fashioning Alnutt's sentence. The district court considered Alnutt's prior criminal history, which included three prior convictions — the criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and bail jumping in the first degree. The prior sentence resulting from each of these convictions added three criminal history points, for a total of nine and a criminal history category of IV. The district court considered Alnutt's argument that the prior convictions overstate the seriousness of his criminal history but declined to downwardly depart on that basis. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005) (noting that the district court's refusal to downwardly depart is generally not disturbed absent a showing that the sentencing court misunderstood the scope of its authority to depart or was otherwise illegal).

3

Additionally, the claim that the district court committed procedural error by considering then-pending state arson charges in calculating Alnutt's criminal history category is similarly unfounded. "The sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come. . . . A sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal in determining sentence." *United States v. Sisti,* 91 F.3d 305, 312 (2d Cir. 1996) (citations and quotation marks omitted); *see also* U.S.S.G. § 6A1.3(a). The district court did acknowledge points made by the government that a criminal history category of IV understated Alnutt's criminal history in light of his prior charged, uncharged, and pending criminal conduct, but the district court clearly stated that it would only "deal with what I have before me now." The district court then proceeded to evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense" and concluded that Alnutt's conduct in this case was not as egregious as his prior conduct and thus warranted a sentence at the lower end of the Guidelines range.

We have considered all of Alnutt's other arguments on appeal and find them to be without merit. The order of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


4